IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GOLDIA I. TOMBS                                                                                     PLAINTIFF

v.                                            CIVIL NO. 07-2077

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff Goldia I. Tombs brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying her applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). Plaintiff's appeal brief, dated November 5, 2007, is being construed as a motion that her case be remanded to the Commissioner for consideration of new and material medical evidence.[1] (Doc. # 7). Defendant filed a brief on December 3, 2007. (Doc. # 8). The case is before the undersigned pursuant to the consent of the parties.

Plaintiff filed her applications for DIB and SSI on September 15, 2004, alleging an inability to work since June 28, 2004, due to depression, anxiety and post traumatic stress disorder.[2] (Tr. 12, 130, 138). The ALJ, in a written decision dated June 12, 2006, concluded

---

[1] Plaintiff's counsel indicates that the additional medical evidence submitted to the court was also submitted to the Appeals Council. (Doc. # 7, p.2). However, a review of the Appeals Council's June 12, 2007, letter, indicates that the medical evidence reviewed by the Appeals Council prior to the decision not to review the ALJ's decision was dated from June 29, 2006, through January 11, 2007. (Tr. 3). Accordingly, and as stated above, we will treat plaintiff's brief as a motion to consider new and material evidence.

[2] At the hearing before the ALJ on April 4, 2006, plaintiff, through her counsel, amended her onset date to August 11, 2003. (Tr. 327).

AO72A
(Rev. 8/82)

plaintiff has a severe depressive disorder. (Tr. 14). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ determined plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels. (Tr. 15). With regard to plaintiff's mental RFC, the ALJ determined plaintiff could perform work where interpersonal contact is only incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment is required. (Tr. 15). The ALJ further found the supervision required should be simple, direct and concrete. (Tr. 15). With the help of vocational expert testimony, the ALJ determined plaintiff is able to perform other work as a kitchen helper, hand packer, housekeeper, poultry presser and assembler. (Tr. 18).

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of a psychological report completed by Dr. Daniel Johnson, dated March 12, 2007. (Doc. #7, exhibit 6). Dr. Johnson indicates he conducted the Wechsler Adult Intelligence Scale-III and the Rorschach Projective Test of Personality with plaintiff. Dr. Johnson reported plaintiff earned a Full Scale IQ of 61 which placed plaintiff's level of general intelligence into the mild range of mental retardation. Dr. Johnson diagnosed plaintiff with Axis I: bipolar disorder, not otherwise specified, and features of post traumatic stress disorder; and Axis II: personality disorder, not otherwise specified. Dr. Johnson opined it was essential that plaintiff continue with psychiatric care and referred plaintiff to social security disability and vocational rehabilitation for possible job training/placement.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on June 12, 2006, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). The testing performed on March 12, 2007, indicates plaintiff has an IQ that falls within the mild mental retardation level. Dr. Johnson does not indicate plaintiff was a malinger or that she exaggerated her problems during testing. We note that an individual's IQ is "presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning" and there is no indication that plaintiff's test results were invalid. *Clay v. Barnhart*, 417 F.3d 922, 929 (8th Cir. 2005)(citations omitted). This new evidence coupled with the evidence revealing plaintiff's frequent termination from jobs, her inability to deal with people

3

outside of her family and her propensity to argue with law enforcement and neighbors appears to indicate plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. (Tr. 217-218, 220, 225, 228, 230, 232, 336, 338, 346-347, 349). *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

While on remand, we recommend the address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.915.

Based on the foregoing, we remand this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 18th day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

4

**AO72A**
**(Rev. 8/82)**

AO72A
(Rev. 8/82)